**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

ROGER RAMIREZ MARTINEZ,

Petitioner,

v. Case No. 1:26-cv-01954 KWR-JMR

WARDEN, *Torrance County Detention Center*,
MARY DE ANDA-YBARRA, *Field Office Director, El Paso,*
*U.S. Immigration and Customs Enforcement,*
TODD LYONS, *Acting Director,*
*Immigration and Customs Enforcement,*
TODD BLANCHE, *Acting U.S. Attorney General, and*
MARKWAYNE MULLIN, *Secretary, U.S. Department*
*of Homeland Security*,

Respondents.

**ORDER GRANTING IN PART MOTIONS TO ENFORCE**

THIS MATTER comes before the Court on Petitioner's Motions to Enforce Writ of Habeas Corpus (**Docs. 9, 10)** (the "Motion to Enforce"). The Court granted Petitioner's habeas petition and ordered that Respondents hold an individualized bond hearing. Although a bond hearing was held, Petitioner asserts in part that he was not given an opportunity to submit evidence on his behalf and his counsel was not permitted to attend. Respondents did not respond and do not expressly address or contest this factual assertion, therefore the Court assumes it is true. As explained below, the Court orders Respondents to hold a bond hearing with notice to Petitioner and his counsel, and to give counsel an opportunity to attend and present evidence.

The Court issued a judgment directing in part that Respondents hold a bond hearing for Petitioner pursuant to 8 U.S.C. § 1226(a). The Court "retains jurisdiction to enforce its lawful

judgments, including habeas judgments." *Gall v. Scroggy*, 603 F.3d 346, 352 (6th Cir. 2010); *Burton v. Johnson*, 975 F.2d 690, 693 (10th Cir. 1992) (explaining that district court has authority to enforce its habeas judgment). And the Court has jurisdiction over constitutional challenges to the application of § 1226. *See Demore v. Kim*, 538 U.S. 510, 516–17 (2003) (holding that "Section 1226(e) contains no explicit provision barring habeas review, and . . . its clear text does not bar [a petitioner's] constitutional challenge"); *Jennings v. Rodriguez*, 583 U.S. 281, 295 (2018).

A fundamental aspect of due process is notice and the opportunity to be heard. *See In re C.W. Mining Co.,* 625 F.3d 1240, 1244 (10th Cir. 2010) ("The Supreme Court has consistently held that due process requires notice and a meaningful opportunity to be heard."). A noncitizen is entitled at least to fundamental fairness at a bond hearing. "An alien: (1) is entitled to factfinding based on a record produced before the decisionmaker and disclosed to him or her; (2) must be allowed to make arguments on his or her own behalf; and (3) has the right to an individualized determination of his [or her] interests." *Ghanem v. Warden Essex Cnty. Corr. Facility*, No. 21-1908, 2022 WL 574624, at *2 (3d Cir. Feb. 25, 2022) (unpublished). Here, Petitioner asserts he was not given sufficient opportunity to present evidence on his behalf. He asserts his counsel was not permitted to attend. Respondents did not respond or dispute these factual assertions. The Court therefore assumes these factual assertions are true. Therefore, Petitioner is entitled to another bond hearing.

**IT IS THEREFORE ORDERED** that Petitioner's Motions to Enforce Judgment (Doc. 9, 10) are **GRANTED** in part. Respondents shall provide Petitioner a bond hearing within **seven (7) days** of the entry of this order. Respondents shall provide notice of the hearing to Petitioner and his counsel. **Respondents shall not deny Petitioner bond on the basis that he is mandatorily**

**detained under 8 U.S.C. § 1225(b).** If Petitioner or his counsel require more time to prepare for the bond hearing or submit evidence, the parties may extend the time to hold a bond hearing.

/S/
KEA W. RIGGS
UNITED STATES DISTRICT JUDGE